UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 95-CR-30078-02 |
| ) | |
| JAMES E. COLLINS, ) | |
| ) | |
| Defendant. ) | |

## ORDER OF DETENTION

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held in this case on July 25, 2017. The Court has determined that the defendant, James E. Collins, must be held without bond pending further proceedings.

The Court has considered all of the factors listed in 18 U.S.C. § 3142(g) and all of the evidence and information presented by the parties relating to those factors. After weighing those factors and the available evidence, the Court concludes the United States' motion for detention should be allowed.

The Court finds that the defendant poses a risk to the community if released from detention.

1

## Violation Charges

On July 5, 2017, a petition to revoke the defendant's supervised release was filed and a warrant for his arrest issued. The petition alleged that the defendant violated the conditions of his supervised release when the defendant was arrested on June 29, 2017, after he and another individual were caught attempting to sell 9 ounces of cocaine to a confidential source. The defendant was charged in Sangamon County for manufacture and delivery of a controlled substance within 1000 feet of a school. The highest level violation is a Class A violation.

## Findings of Fact and Reasons Detention Required

Based upon the credible evidence and information received during the defendant's detention hearing, the Court finds:

1. There has not been a showing by clear and convincing evidence that the defendant is not a risk to the community.

2. Section 3142(g) sets forth factors that the court is to consider in determining whether there are any conditions of release that will reasonably assure the appearance of the defendant as required or the safety of any other person and the community. Those factors are: (1) the nature and circumstances of the offense charged, including whether the offense involves a minor; (2) the

weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. The factors set forth in Section 3142(g) favor detention of the defendant.

3. *Nature and circumstances of the violation of supervised release*

The defendant is charged in Sangamon County criminal court docket number 17-CF-709 with a class X for manufacture and delivery of a controlled substance. On June 29, 2017, law enforcement officers observed the defendant arrive at the residence of Billy Clark. Clark arranged to sell 9 ounces of cocaine to a confidential source (CS) in exchange for $10,000. Officers observed the defendant take a multicolored box out of the defendant's vehicle and enter Clark's F-150 truck with Clark. Officers conducted a traffic stop on the truck and recovered the same multicolored box possessed by the defendant. Inside the box was 254 ounces of cocaine. Officers then executed a search warrant on Clark's house and recovered an additional 44 grams of cocaine, a .38 caliber firearm, a digital scale

and $2,350 in cash. The defendant's role in this crime factors in favor of detention.

4. *History and characteristics of the defendant.*

The defendant was sentenced to a significant term of imprisonment on his underlying charge of conspiracy to distribute controlled substances. The defendant began supervised release on October 30, 2015. One of the conditions of supervised release was that the defendant not unlawfully possess a controlled substance. However, the evidence presented shows that the defendant violated that term of supervised release by possessing a large amount of cocaine which he and his conspirator intended to sell for $10,000. The defendant undertook to participate in a substantial drug transaction in spite of his terms of supervised release. The evidence presented shows the defendant is unable to comply with the terms of supervised release and weighs in favor of detention.

5. The United States recommends the detention of the defendant.

6. Based upon the evidence presented at the detention hearing, I find that there are no conditions of release that will assure the safety of the community if the defendant is released.

**IT IS THEREFORE ORDERED** that the defendant is committed to the custody of the Attorney General or his designated representative for confinement

in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a Court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

ENTER: July 31, 2017.

                                                              _s/ Tom Schanzle-Haskins_____
                                                             TOM SCHANZLE-HASKINS
                                                             UNITED STATES DISTRICT JUDGE