IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 95-30078 |
| | ) | |
| JAMES E. COLLINS, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

RICHARD MILLS, United States District Judge:

Pending is Defendant James Collins's motion for reconsideration of the Court's Order on motion for clarification of Docket Entry 429.

Docket Entry 429 is the entry of Judgment reducing the Defendant's sentence from 292 months to 240 months following a motion to reduce under Title 18, United States Code Section 3582(c)(2).

The Government filed a response to the motion.

Counsel was appointed and filed a reply brief on behalf of the Defendant.

The Defendant has filed a pro se supplement to the reply.

I.

Following the enactment of the Drugs Minus Two Amendment, the Judgment and Order reducing the Defendant's sentence to 240 months was entered on January

1

27, 2015. He was initially sentenced on May 5, 1997, to serve 360 months imprisonment followed by 10 years of supervised release. The Defendant's sentence was then reduced to 292 months on February 17, 2011.

The Violation Memorandum prepared in connection with an earlier Revocation Proceeding provides that Defendant was released from imprisonment on October 30, 2015, approximately nine months after the Order reducing his sentence to 240 months. Ultimately, the Defendant served 239 months and 25 days of a 240-month sentence. By the time of his release, the Defendant had earned 917 days of good time credit that he never received.

In his reply, the Defendant notes that the Drugs Minus 2 amendment included a restriction providing that no defendant could be released based on the amendment before November 1, 2015. Accordingly, while the Order [d/e 430] was dated January 27, 2015, the effective date was listed as November 1, 2015. Because November 1, 2015 fell on a Sunday, the Defendant pursuant to Bureau of Prisons rules was released on October 30, 2015. Because of the timing of effective date of the Drugs Minus 2 Amendment, the Defendant did not really receive the benefit of his good conduct time.

In his motion for clarification, the Defendant claims that it is futile and a waste of resources to serve two years on supervised release, when he was deprived of 917 days of good conduct time. He asks the Court to afford him some relief by

applying the unreceived 917 days of good conduct time toward his two year supervised release term and terminate or reduce his supervised release term.

The Defendant previously violated his conditions of supervised release less than two years after he was released from imprisonment. On October 5, 2017, the Defendant was sentenced to a 30-month imprisonment term followed by a 2-year supervised release term. Because the Defendant had committed a new drug felony less than two years into his supervised release term following a lengthy prison sentence, the Court believed that a supervised release term was necessary to assist him in re-adjusting to society.

## II.

Congress has authorized the Court to terminate a term of supervised release early "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice" and the defendant has served at least one year of supervised release. 18 U.S.C. § 3583(e)(1). The Court "has wide discretion in determining whether to terminate an individual's term of supervised release." *United States v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006). The Court should consider the statutory factors listed in 18 U.S.C. § 3553(a) in determining whether to terminate an individual's supervised release early.

The Defendant acknowledges that, if a defendant does overserve a sentence, a court cannot subtract that overserved time from the term of supervised release. *See*

3

*United States v. Johnson*, 529 U.S. 53, 60 (2000). However, the Supreme Court has stated that the Court can consider the fact that a defendant has spent more time in prison than he should have when deciding whether or not to terminate a term of supervised release early:

> There can be no doubt that equitable considerations of great weight exist when an individual is incarcerated beyond the proper expiration of his prison term. The statutory structure provides a means to address these concerns in large part. The trial court, as it sees fit, may modify an individual's conditions of supervised release. § 3583(e)(2). Furthermore, the court may terminate an individual's supervised release obligations "at any time after the expiration of one year ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." § 3583(e)(1). Respondent may invoke § 3583(e)(2) in pursuit of relief; and, having completed one year of supervised release, he may also seek relief under § 3583(e)(1).

*Id*.

The Court understands the Defendant's frustration of not receiving the benefit of 917 days of good conduct time. However, the Court does not believe that immediate termination of supervised release is appropriate. The fact that Defendant's supervised release previously was revoked less than two years after he was released from serving two decades in prison suggests that some term of supervised release is warranted, upon considering relevant statutory factors such as the circumstances of the offense and history and characteristics of the Defendant. The supervised release term at issue was imposed after the Defendant violated his supervised release by engaging in similar conduct to the underlying offense more

than 20 years.  A term of supervised release is also warranted to afford adequate deterrence, protect the public and to avoid unwarranted sentencing disparities.

However, in order to give the Defendant some benefit for the good conduct time credit he did not receive, the Court finds it would be in the interest of justice to reduce the Defendant's supervised release term to one year "if such action is warranted by the conduct of the defendant." 18 U.S.C. § 3583(e)(1). Therefore, if the Defendant complies with his conditions of supervised release for one year, his term of supervised release will be terminated at that time.

Because neither the law nor facts are disputed, the Court concludes that a hearing is not warranted.

Ergo, the Defendant's motion for reconsideration [d/e 471] is GRANTED in part, to the extent that the Defendant's term of supervised release will be reduced to one year if the Defendant complies with his supervised release conditions for one year.

The Clerk will send copies of this Order to the United States Probation Office.

ENTER: February 3, 2020

    FOR THE COURT:

                                              /s/ *Richard Mills*
                                              Richard Mills
                                              United States District Judge